**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| **SHOWING ANIMALS** ) | **Civil Action No.** |
| ) | |
| **RESPECT AND KINDNESS,** ) | **JURY TRIAL DEMANDED** |
| ) | FILED: JUNE 9, 2008 |
| **Plaintiff,** ) | 08CV3314 |
| ) | JUDGE ASPEN |
| **v.** ) | MAGISTRATE JUDGE VALDEZ |
| **PROFESSIONAL RODEO** ) | |
| ) | |
| **COWBOYS ASSOCIATION,** ) | PH |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

## COMPLAINT

1.      This is a civil action seeking injunctive relief, declaratory relief, and damages for misrepresentation of copyright claims under the Digital Millennium Copyright Act ("DMCA"), and tortious interference with a contract.

2.      This case arises out of improper "takedown" notices issued by Defendant in an attempt to stifle public discussion and criticism by Plaintiff of animal mistreatment at Defendant-sanctioned rodeos. These notices induced the popular video-sharing website YouTube to bar public access to documentary footage recorded at rodeos by Plaintiff, and to subsequently suspend the account used to post that footage.

PARTIES

3.      Plaintiff Showing Animals Respect and Kindness (SHARK) is a 501(c)(3) non-profit corporation, with its principal place of business in Geneva, Illinois.

4.      On information and belief, Defendant Professional Rodeo Cowboys Association (PRCA) is a non-profit organization, with its principal place of business at 101 Pro Rodeo Drive,

Colorado Springs, Colorado.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this claim pursuant to the Copyright Act (17 U.S.C. §§ 101 et seq.), 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act (28 U.S.C. § 2291).  This Court has supplemental subject matter jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a).

6.      Plaintiff is informed, believes and thereon alleges that Defendant has sufficient contacts with this district generally and, in particular, with the events herein alleged, that Defendant is subject to the exercise of jurisdiction of this Court and that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7.      Plaintiff Showing Animals Respect and Kindness (SHARK) is a non-profit animal protection organization that videotapes and photographs rodeos and shares that footage with journalists, government agencies, the courts, and the general public, in order to expose and publicize animal abuse, injuries, and death.  SHARK maintains a website at www.sharkonline.org.

8.      On information and belief, Defendant Professional Rodeo Cowboys Association (PRCA) sanctions rodeo events throughout the United States.

9.      From 1994 to the present, SHARK has worked to raise public awareness of animal abuse by PRCA members and/or at PRCA-sanctioned events.

10.      On or about December 11, 2006, SHARK created an account on YouTube, a popular public video-sharing website, with the username "SHARKonlineorg."

11.      On or about December 12, 2006, SHARK began posting videos ("the SHARK Videos") via the YouTube account, many of which comment on or criticize the PRCA, PRCA-sanctioned events, or PRCA members in connection with the abuses of animals occurring at rodeos sanctioned by the PRCA or involving its members.

12.     Between December 2006 and December 2007, SHARK posted the following videos (hereinafter "Removed Videos") through its YouTube account:

- "GRAPHIC -- Rodeos Abuse, Maim and Kill Animals" (www.youtube.com/watch?v=XZxL7umkbRo);
- "PRCA Rodeo Thugs Abuse Animals, People in Huntsville, TX" (www.youtube.com/watch?v=zI0WMe8AJmU);
- "Horses Shocked, Animals Abused at 2007 Killeen TX PRCA Rodeo" (www.youtube.com/watch?v=01ldFQeBME4).
- "2007 Cheyenne PRCA Rodeo Cruelty, Corruption Exposed" (www.youtube.com/watch?v=O_Oe5t8PvbE).
- "Horses Illegally Shocked at 2007 Cheyenne PRCA Rodeo" (www.youtube.com/watch?v=7poZuhymtRo).
- "2007 Cheyenne PRCA Saddlebronc 'Champion' on Shocked Horse!" (www.youtube.com/watch?v=eoNGCROCOH8).
- "Cheyenne Rodeo Announcer Caught Lying About Animal Deaths" (www.youtube.com/watch?v=ofsFxJgYfqs).
- "Rodeo Bulls -- Killers, or Gentle Giants?" (www.youtube.com/watch?v=LOOiu2UdHeM).
- "Steers Dragged at 2007 Cheyenne PRCA Rodeo" (www.youtube.com/watch?v=50nf7Io52c0).
- "Horses Shocked by Ike Sankey at Pendleton PRCA Rodeo" www.youtube.com/watch?v=hwJdQZU9_oU.
- "Twisted Animal Abuse at Pendleton Round-Up PRCA Rodeo" www.youtube.com/watch?v=mdulYy_2fho.
- "2007 PRCA Pendleton Rodeo -- A Steer Dies, An Announcer Lies" www.youtube.com/watch?v=XWuv_apUAOw.
- "2007 PRCA Steer Busting Finals Busted by SHARK, Part 2" www.youtube.com/watch?v=iHxlIpn63mY

13.     Each of the Removed Videos listed in Paragraph 12 above was created by SHARK members, or other individuals concerned with animal protection, and was comprised principally of video footage recorded at rodeo events by these individuals.

14.     On information and belief, on or about December 11, 2007, and December 14, 2007, representatives of the PRCA delivered notices to YouTube falsely stating under penalty of perjury that the PRCA was the owner of a copyright in the footage included in the videos listed above at Paragraph 12, that the PRCA had not authorized the use of the footage, and demanding

that the footage be taken down pursuant to section 512 of the Digital Millennium Copyright Act.

15.    On December 11, 2007, YouTube removed the videos identified in the PRCA notices and closed SHARK's account, thereby disabling access to at least 19 other videos hosted on behalf of SHARK.  On information and belief, YouTube's actions were taken on reliance on the representations contained in the notices sent by the PRCA.

16.    PRCA cannot claim copyright in any live rodeo event documented by SHARK.

17.    On information and belief, the PRCA knew when it sent the DMCA notice that it did not own the copyright in any rodeo event documented by SHARK.

18.    On information and belief, PRCA sent the notice in order to chill SHARK's efforts to raise public awareness of animal abuse at PRCA-sanctioned events, and not in order to enforce any perceived copyright interest.

19.    On December 11, 2007, SHARK sent YouTube a counter-notification demanding that its videos and account be restored because it did not infringe any valid copyright owned by PRCA.

20.    On or about December 17, 2007, attorney Dara Lovitz, acting on behalf of SHARK, sent a letter to YouTube requesting that SHARK's account be restored and explaining that live rodeo events are not copyrightable and that the PRCA's copyright claim was baseless.

21.    On or about December 25, 2007, YouTube restored SHARK's account and public access to most of the videos.

22.    On or about January 17, 2008, attorney Dara Lovitz, acting on behalf of SHARK, sent the PRCA a letter explaining that live rodeo events are not copyrightable and demanding that PRCA discontinue filing false claims of alleged copyright violations with YouTube.

23.    SHARK remains concerned that further takedown notices from PRCA representatives will continue to result in YouTube removing SHARK videos from the public eye, and/or deletion of SHARK's YouTube account, curtailing SHARK's ability to communicate its message to the public regarding animal abuse at rodeos.

**COUNT I:**
**17 U.S.C. § 512(f) Misrepresentation**

24.     Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1-23 of this Complaint.

25.     On information and belief, none of the videos posted by SHARK to its SHARKonlineorg YouTube account infringe any copyright owned or administered by Defendant.

26.     On information and belief, Defendant knew that the Removed Videos did not infringe any PRCA copyrights on the dates that PRCA representatives sent YouTube their DMCA notices.

27.     On information and belief, Defendant should have known if it acted with reasonable care or diligence that the Removed Videos did not infringe any PRCA copyrights on the dates that PRCA representatives sent YouTube their DMCA notices.  On information and belief, Defendant did not act with reasonable care or diligence before sending its DMCA complaint to YouTube.

28.     Accordingly, Defendant violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting that the SHARK videos infringed PRCA's copyright(s).

29.     As a direct and proximate result of Defendant's actions, Plaintiff has been injured substantially and irreparably.  Such injury includes, but is not limited to, the financial and personal expenses associated with responding to the complaint and harm to SHARK's free speech rights under the First Amendment and Article I, § 4 of the Illinois Constitution, the value of YouTube's hosting services, and lost financial contributions to the organization.

**COUNT II:**
**Declaratory Relief Of Non-Infringement**

30.     Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1-29 of this Complaint.

31.     There is a real and actual controversy between Plaintiff and Defendant regarding

whether the SHARK videos constitute infringement of any copyright lawfully owned or administered by Defendant.

32.     Plaintiff contends that posting of the SHARK videos was and is non-infringing.

33.     Wherefore, Plaintiff requests that the Court determine and adjudge that each and every one of the above-stated propositions states the law applicable to the facts involved in this action.

### COUNT III:
### Interference With Contract

34.     Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1-33 of this Complaint.

35.     From on or about December 11, 2006, to present, SHARK contracted with YouTube for the hosting of videos posted using the SHARKonlineorg account, pursuant to YouTube's Terms of Use.

36.     On information and belief, Defendant knew of the contractual relationship between SHARK and YouTube.

37.     On information and belief, Defendant's notices to YouTube were intended to cause YouTube to terminate, interfere with, interrupt, or otherwise limit SHARK's contractual rights with YouTube under the Terms of Service by misrepresenting that the videos identified in the notices violated the Terms of Service.

38.     Defendant's actions did disrupt SHARK's contract with YouTube for hosting the videos.

39.     As a result of Defendant's actions, the above-described videos were unavailable on YouTube for at least several days, and most for over two weeks.

40.     As a result of Defendant's actions, the SHARKonlineorg account was deactivated for over two weeks.

41.     As a direct and proximate result of Defendant's actions, SHARK has been injured substantially and irreparably.  Such injuries include, but are not limited to, the harm to SHARK's

free speech rights under the First Amendment and Article I, § 4 of the Illinois Constitution, the value of YouTube's hosting services, and lost financial contributions to the organization.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment as follows:

1.      A declaratory judgment that that publication of the SHARK videos by Plaintiff does not infringe any copyright owned by Defendant;

2.      Injunctive relief restraining Defendant, its agents, servants, employees, successors and assigns, and all others in concert and privity with Defendant, from bringing any lawsuit or threat against Plaintiff for copyright infringement in connection with the videos in the SHARKonlineorg YouTube account, and from interfering with the contract between SHARK and YouTube, including by falsely representing that SHARK videos violate YouTube's Terms of Use, and from misrepresenting to agents of SHARK that recording live rodeo events constitutes copyright infringement;

3.      Damages according to proof;

4.      Attorneys fees pursuant to 17 U.S.C. § 512(f), other portions of the Copyright Act including Section 505, on a Private Attorney General basis, or otherwise as allowed by law;

5.      Plaintiff's costs and disbursements; and

6.      Such other and further relief as the Court shall find just and proper.

Plaintiff hereby requests a jury trial for all issues triable by jury.

Dated:  June 9, 2008

Respectfully submitted,

**PLAINTIFF**

**SHOWING ANIMALS RESPECT AND KINDNESS**

/s/Charles Lee Mudd Jr.
Charles Lee Mudd Jr.
cmudd@muddlawoffices.com
ARDC #: 6257957
Mudd Law Offices
3114 West Irving Park Road
Suite 1W
Chicago, Illinois 60618
Phone: 773.588.5410
Fax: 773.588.5440

Leslie Ann Reis
7Reis@jmls.edu
ARDC #: 6237949
Panagiota Kelali
6kelali@jmls.edu
ARDC #: 90785873
Center for Information Technology & Privacy Law
The John Marshall Law School
315 South Plymouth Court
Chicago, IL 60604
Phone: 312.987.1425
Fax: 312.427.5280

Corynne McSherry
corynne@eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
Phone: 415.436.9333 x122
Fax: 415.436.9993

Eugene F. Friedman
FRIEDMAN & FRIEDMAN, LTD.
Printers Square -- Suite 710
780 South Federal Street
Chicago, Illinois 60605
Phone: (312) 922-8882
Fax (312) 922-3616

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

| | | |
|---|---|---|
| SHOWING ANIMALS | ) | Civil Action No. |
| | ) | |
| RESPECT AND KINDNESS, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| PROFESSIONAL RODEO | ) | |
| | ) | |
| COWBOYS ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JURY DEMAND

Plaintiff hereby requests a jury trial for all issues triable by jury.

s/ Charles Lee Mudd Jr.
Charles Lee Mudd Jr.